Opinion issued June 5, 2008











In The

Court of Appeals

For The

First District of Texas






NOS. 01-07-00062-CR

 01-07-00063-CR

 01-07-00064-CR






JULIO DAVID MORALES, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 338th District Court

Harris County, Texas

Trial Court Cause Nos. 1095935, 1064706, and 1064707




 


MEMORANDUM OPINION

 Appellant, Julio David Morales, was convicted by a jury in two cases of
aggravated sexual assault (appellate case number 01-07-00062-CR, trial court case
number 1095935 and appellate case number 01-07-00063-CR, trial court case number
1064706) and in one case of indecency with a child (appellate case number
01-07-00064-CR, trial court case number 1064707). See Tex. Penal Code Ann.
§ 21.11 (Vernon 2003) (indecency with child), § 22.021(a), (b) (Vernon Supp. 2007)
(aggravated sexual assault). The jury assessed punishment in case number
01-07-00062-CR at imprisonment for 10 years, in case number 01-07-00063-CR at
imprisonment for 10 years, and in case number 01-07-00064-CR at imprisonment for
two years. In the judgment for case number 01-07-00062-CR, the trial court ordered
that appellant's 10-year sentence in case number 01-07-00062-CR run consecutively
from appellant's 10-year sentence in case number 01-07-00063-CR. Appellant
challenges the sufficiency of the evidence. We affirm.

Background

 Appellant is the stepfather of M.P., the complainant in case numbers
01-07-00062-CR and 01-07-00063-CR, and the uncle of B.A., the complainant in
case number 01-07-00064-CR. At the time the offenses were committed, M.P. was
9 and B.A. was 12.

 B.A., M.P., and a third girl, L.S., had a conversation in which B.A. told the
other girls that appellant touched her (B.A.) on her legs and vagina. The three girls
went to L.S.'s mother, and B.A. made an outcry statement about appellant touching
her. L.S.'s mother noticed that M.P. was both frightened and crying during B.A.'s
statement. L.S.'s mother contacted the police and child protective services (CPS).

 When M.P. was interviewed by Geri Feld, a CPS investigator, M.P. made an
outcry statement that appellant forced her to have oral sex with him. Both M.P. and
B.A. were separately interviewed by Susan Odhiambo, a forensic investigator for the
Children's Assessment Center. M.P. made an outcry statement to Odhiambo that
appellant forced M.P. to have oral and anal sex with him. B.A. made an outcry
statement to Odhiambo that appellant touched her (B.A.) on her vagina and breasts. 
Both M.P. and B.A. were later examined separately by Dr. Victoria Gregg, who found
no physical evidence of abuse. M.P., however made a statement to Gregg that
appellant penetrated M.P.'s vagina with his penis, and B.A. made a statement that
appellant touched her vagina and breasts over her clothes.

 At trial, M.P. testified that appellant touched her in "places that nobody is
supposed to touch." M.P., however, testified that she did not remember specific
places where appellant touched her and did not remember what she said to Feld. M.P.
further testified that she "made things up" about appellant because she was mad at
L.S., but also admitted that it did not make any sense for her (M.P.) to do that.
Finally, M.P. testified that her mother lived with appellant and that once the trial was
over, she would get to live in a new house with her mother and appellant.

 At trial, Cassie Smith, M.P.'s therapist at the Children's Assessment Center,
testified that M.P. felt responsible for breaking up her family, because M.P.'s mother
was upset and M.P.'s siblings had been removed from the mother's and appellant's
home. Smith also testified that M.P. never denied being sexually abused by appellant.

 At trial B.A., testified that appellant touched her vagina and breasts over her
clothes. B.A. also testified that appellant told her not to tell anyone what had
happened. Finally, B.A. testified that "I didn't know he was doing it on purpose or
an accident."

DiscussionAggravated sexual assault of M.P.

 In a single point of error in both case numbers 01-07-00062-CR and
01-07-00063-CR, appellant challenges the factual sufficiency of the evidence
supporting his convictions for aggravated sexual assault of M.P. Appellant concedes
the admissibility of the statements M.P. made to Feld, Odhiambo, and Gregg, but
points out M.P. did not testify at trial that appellant sexually assaulted her and M.P.
did testify that she "made things up" about appellant because she was mad at L.S.

 When conducting a factual-sufficiency review, we view all of the evidence in
a neutral light. Cain v. State, 958 S.W.2d 404, 408 (Tex. Crim. App. 1997). We will
set the verdict aside only if (1) the evidence is so weak that the verdict is clearly
wrong and manifestly unjust or (2) the verdict is against the great weight and
preponderance of the evidence. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000). Under the first prong of Johnson, we cannot conclude that a conviction is
"clearly wrong" or "manifestly unjust" simply because, on the quantum of evidence
admitted, we would have voted to acquit had we been on the jury. Watson v. State,
204 S.W.3d 404, 417 (Tex. Crim. App. 2006). Under the second prong of Johnson,
we cannot declare that a conflict in the evidence justifies a new trial simply because
we disagree with the jury's resolution of that conflict. Id. Before finding that
evidence is factually insufficient to support a verdict under the second prong of
Johnson, we must be able to say, with some objective basis in the record, that the
great weight and preponderance of the evidence contradicts the jury's verdict. Id. In
conducting a factual-sufficiency review, we must also discuss the evidence that,
according to the appellant, most undermines the jury's verdict. See Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003).

 We may not re-weigh the evidence and substitute our judgment for that of the
fact-finder. King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). The
fact-finder alone determines what weight to place on contradictory testimonial
evidence because that determination depends on the fact-finder's evaluation of
credibility and demeanor. Cain, 958 S.W.2d at 408-09. As the determiner of the
credibility of the witnesses, the fact-finder may choose to believe all, some, or none
of the testimony presented. Id. at 407 n.5. The standard for reviewing the factual
sufficiency of the evidence is whether, after considering all of the evidence in a
neutral light, the jury was rationally justified in finding guilt beyond reasonable
doubt. Watson v. State, 204 S.W.3d at 415.

 We hold that in its role as fact-finder, the jury was rationally justified in finding
guilt beyond reasonable doubt based on the evidence adduced at trial. We overrule
the single point of error in both case numbers 01-07-00062-CR and 01-07-00063-CR.

Indecent conduct with B.A.

 In two points of error in case numbers 01-07-00064-CR, appellant challenges
the legal and factual sufficiency of the evidence to support his conviction for
indecency with a child. As before, appellant concedes the admissibility of the
statements B.A. made to L.S.'s mother, Odhiambo, and Gregg, but argues there is no
evidence of intent "to arouse or gratify the sexual desire of any person" as required
by Penal Code section 21.11(a)(2).

 The indictment alleged that appellant "did . . . unlawfully, intentionally and
knowingly engage in sexual contact with [B.A.], a child under the age of seventeen
years and not the spouse of the Defendant, by touching the GENITALS of [B.A.] with
the intent to arouse and gratify the sexual desire of THE DEFENDANT." The jury
charge also contained this language. Intent to gratify, however, is not an element of
indecency with a child under Penal Code section 21.11(a)(1), which authorizes the
offense based on engaging in sexual contact. Penal Code section 21.11(a)(2), which
authorizes the offense based on exposure of an anus or genitals, does require the
element of intent to gratify.

 It appears that neither appellant nor the State objected to the erroneous jury
charge in the trial court. Neither addresses the issue on appeal, but instead both argue
the sufficiency of the evidence regarding intent to gratify. However, in conducting
a sufficiency review, this Court must measure sufficiency of the evidence by the
elements of the offense as defined by the hypothetically correct jury charge. Malik
v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would be one
that accurately sets out the law, is authorized by the indictment, does not
unnecessarily increase the State's burden of proof or unnecessarily restrict the State's
theories of liability, and adequately describes the particular offense for which the
defendant was tried. Id. This standard ensures that a judgment of acquittal is
reserved for those situations in which there is an actual failure in the State's proof of
the crime, rather than a mere error in the jury charge submitted. Id. It was therefore
unnecessary for the State to prove intent to gratify.

 We overrule points of error one and two.Conclusion We affirm the judgments of conviction.

 


 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Hanks, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).